## Ex Parte John Borden.

The first section of the act of 25th March, 1831, which provides that whenever the Parish Judge of any parish is disqualified by interest, or otherwise, to try any case in the Parish Court, that the District Court shall have jurisdiction thereof, and that the same shall be transferred by the Parish or Probate Court to the District Court, does not contemplate the transfer of all the mortuary proceedings and documents relative to any estate in which the Judge of Probates may be interested. The District Court may take cognizance of the appointment of a curator, where the Probate Judge is interested ; but it is not necessary for this purpose, that the papers relative to the succession should be removed from their proper place of deposit.

APPLICATION for a mandamus to the Judge of the Court of Probates of Jefferson, *Dugué*, J.

*Wolfe*, for the applicant.

BULLARD, J. John Borden has moved the court for a mandamus, to compel the Judge of the Court of Probates for the parish of Jefferson, to transmit to the Court of the First Judicial District, the papers relative to the succession of James Borden, deceased, in pursuance of the act of 25th of March, 1831,* on a suggestion that the Probate Judge is interested in the matter, having formerly acted as attorney of the absent heirs. This transmission of the papers relative to the estate, is asked, with the

---

* This act provides—

Sect. 1. That whenever the Parish Judge of any parish is interested in any cases brought, or which may be brought, in the Parish Court or Court of Probates, or is related to either of the parties, so as to be incapable of trying such cases by the existing laws, or is disqualified in any other way by law from trying such cases, the District Court shall have jurisdiction thereof, and the same shall be transferred by such Judge of the Parish Court or Court of Probates, to the District Court.

view of obtaining from the District Court the appointment of a curator to the estate.

We are of opinion that the act referred to does not contemplate, that all the mortuary proceedings and documents relative to an estate in which a Judge of Probates may be interested, shall be transferred to the District Court. Jurisdiction is given to the District Judge in such cases ; and if a case be already pending in the Probate Court, the record of that case may, perhaps, be transferred to the District Court. But, in a case like the present, the District Court would be authorized to take cognizance of an application for the appointment of a curator, on its being shown, to its satisfaction, that the Judge of Probates is incompetent, in consequence of interest, without requiring the papers relative to the succession to be removed from their proper place of deposit.

*Motion overruled.*